# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 22, 2022

No. 21-10889
Summary Calendar

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Gaston Salazar-Sanchez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:21-CR-49-1

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:*

Gaston Salazar-Sanchez was convicted of illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a), and possession of a firearm by an illegal alien, in violation of 18 U.S.C. § 922(g)(5)(A). On appeal, he argues, citing *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519 (2012), that

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-10889

§ 922(g) should be construed to require proof that movement of the firearm across state lines was caused by the defendant's conduct, proof that the firearm crossed state lines in a commercial transaction, or proof that the movement occurred in the recent past.  Salazar-Sanchez concedes that his argument is foreclosed, but he seeks to preserve the issue for future review.  Agreeing that relief is foreclosed under *United States v. Alcantar*, 733 F.3d 143 (5th Cir. 2013), the Government moves for summary affirmance or, alternatively, for an extension of time in which to file a merits brief.

The parties are correct that Salazar-Sanchez's argument is foreclosed. *See Alcantar*, 733 F.3d at 145-46; *see generally Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).  Accordingly, the Government's motion for summary affirmance is GRANTED.  Its alternative motion for an extension of time is DENIED.  The judgment is AFFIRMED.